878 F.2d 382
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John E. SHEPHERD, III, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-2209.
 United States Court of Appeals, Sixth Circuit.
 June 26, 1989.
 
 Before KENNEDY, RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 John E. Shepherd, III (claimant) appeals from the District Court's decision affirming the final decision of the Secretary of Health and Human Services (Secretary) denying his claim for disability benefits. The sole issue on appeal is whether substantial evidence supports the Secretary's decision that claimant retained the residual functional capacity (RFC) to perform a full range of sedentary work. We find substantial evidence exists on the record considered as a whole to support the Secretary's decision and, therefore, affirm.
 
 
 2
 Claimant is a 42 year old married man who lives with his wife and four children. He was last employed as a long distance truck driver from 1970 to 1980. Claimant has not worked since April of 1980. His insured status expired September 30, 1984. He attended school through the eighth grade and can read and write. Claimant alleges he is disabled due to a low back condition with associated leg ailments and headaches.
 
 
 3
 After an injury in late 1979 and subsequent lower back problems, claimant underwent back surgery in October of 1980 on the advice of his doctors. He testified that his condition worsened after surgery. Claimant stated that he is able to stand for only 20 minutes at a time, can sit for short periods, and can walk 40 yards before experiencing pain. Claimant stated that he must lie down twice a day in order to relieve pain. Claimant's prior applications indicate that he sometimes helps his family with yardwork and housework, occasionally cooks or shops, and drives a car.
 
 
 4
 A Dr. House examined claimant in 1979 for complaints of back pain and found that he had extremely limited movement, spasms, and pain. Dr. House noted good response to conservative treatment and recommended only four to six days of rest. In May 1980, after examining claimant and diagnosing "Spondylolisthesis, first degree, L5-S1," a Dr. Hoekstra recommended surgery. In October of 1980, Dr. Hoekstra and a Dr. Duffin performed a decompressive laminectomy and a spinal fusion.
 
 
 5
 Claimant was examined by a number of doctors from 1981 through 1984. The results of these examinations are mixed. Throughout this time period, claimant complained of lower extremity pain and back pain with tenderness. Dr. Duffin noted claimant's claims of continued pain. However, claimant also remarked to Dr. Duffin that use of a "TENS" unit relieved his pain. In July of 1983, an examining physician at the University of Michigan found persistent symptoms of low back pain but also noted that claimant was in "robust good health." Two other doctors both noted lack of muscle spasms with normal motor strength and normal reflexes.
 
 
 6
 After a hearing, an administrative law judge (ALJ) denied claimant's application for disability benefits. After considering claimant's testimony and the medical evidence, the ALJ found that claimant retained the residual functional capacity to perform a full range of sedentary work. The Appeals Council subsequently affirmed the ALJ's determination as the final decision of the Secretary.
 
 
 7
 The Court's task on appeal is to determine whether the Secretary's decision is supported by substantial evidence and is in accordance with law. We are not to resolve conflicting evidence or second-guess the Secretary's decision; rather, we must affirm the decision if the Secretary's findings and conclusions are supported by substantial evidence on the record as a whole. See 42 U.S.C. Sec. 405(g) (1982).
 
 
 8
 Substantial evidence supports the Secretary's determination that claimant retained the RFC to do a full range of sedentary work. Despite claimant's complaints of limited mobility, several of the examining physicians found consistently normal neurological findings. A physician examining claimant in 1986 found residual post-surgery spondylolisthesis and slightly impaired mobility; however, he found no other neurological or musculoskeletal problems and opined that claimant could return to "light" work. Although claimant alleged severe pain, the results of claimant's diagnostic testing and the objective clinical evidence failed to support his claim. Both Dr. Duffin and another physician consistently reported no musculoskeletal abnormalities which would either serve to confirm the severity of claimant's alleged pain or be reasonably expected to give rise to the alleged pain. See Duncan v. Secretary of HHS, 801 F.2d 847, 853 (6th Cir.1986). The Secretary has the duty to resolve fact-based dilemmas in these instances as he did here.
 
 
 9
 Lastly, substantial evidence supports the Secretary's ultimate determination that claimant was not disabled. The Secretary examined the entire medical record, hearing testimony, claimant's RFC, age, education and past work experience, as required by 20 C.F.R. Sec. 1520(f). Applying rules 201.24 and 201.25, 20 C.F.R., Part 404, Subpart P, Appendix 2, the Secretary found that prior to September 30, 1984, claimant was not disabled. The Secretary's determination in this regard is in accordance with law and is supported by substantial evidence.
 
 
 10
 Accordingly, the judgment of the District Court is AFFIRMED.